UNITED STATES DISTRICT COURT
FOR THE
STATE OF NEW HAMPSHIRE

Ashley Roberson,
        Plaintiff

      v.         Case No. 1:17-CV-00749-JD

YouTube, et al.
        Defendants.

**MOTION TO DISMISS**

NOW COMES Patreon, Inc., ["Patreon"] by and through its attorneys, Paul, Frank + Collins, PC, and moves to dismiss Plaintiff's complaint for failure to state a cause of action pursuant to F.R.Civ.Proc. 12(b)(6); for lack of subject matter jurisdiction pursuant to F.R.Civ.Proc. 12(b)(1); and for lack of personal jurisdiction pursuant to F.R.Civ.Proc. 12(b)(2).

**I.   Procedural posture**

  **A.  Filing, jurisdiction and venue.**

Plaintiff commenced this civil action as a *pro se* litigant by Complaint filed with the Court on December 21, 2017. Plaintiff is a citizen of the State of South Carolina. (Complaint paragraph 2.) The Defendants are alleged to be citizens of the State of California.(Complaint paragraph 2.) Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 USC §1332 on page 1 of her Complaint.

Plaintiff does not overtly invoke the Court's federal question jurisdiction pursuant to 28 USC §1331, although she mentions the United States Constitution in paragraphs 3 and 5 and unspecified civil rights in paragraph 6. Plaintiff also mentions "First Amendment Rights," "Copyright Infringement Chapter 5" in the title or preamble to her Complaint.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Plaintiff asked to proceed *in forma pauperis*, and asked the Court to waive the filing fee. Plaintiff's requests were granted by the Court on January 4, 2018.

### B. Service of process

In accordance with L.R. 4.3, Plaintiff's filings were reviewed by United States Magistrate Judge Johnstone, who entered an order dated March 14, 2018, directing the issuance of a Summons to most of the Defendants and directing the Clerk to have the United States Marshal make service of a Summons, the Complaint and certain other papers. Judge Johnstone ordered each Defendant so served to file a responsive pleading within 21 days after service of process.

On March 14, 2018, the Clerk served copies of the requested documents on the United States Marshal. On April 10, 2018, the Marshal made service on Defendant Patreon.

### C. Class action Allegations.

Plaintiff asserts the existence of a class action. She does not articulate the permissible grounds for the certification of a class action found in F.R.Civ.Proc. 23(a), subparts (1) – (4). Patreon does not take Plaintiff's assertion of a class action as a motion to certify a class but as assertion based on her understanding of information provided by other persons.

Plaintiff attached a document to her complaint entitled "Durable Power of Attorney" (Doc. No. 1-1), in which she gave another person, Natasha DeLima, authority to act and appear on her behalf in this matter. Ms. DeLima is a non-lawyer litigant in another matter in this Court. By Order dated March 14, 2018, Judge Johnstone denied Plaintiff's request to be represented by Ms. DeLima.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

**II.     Patreon's Motion to Dismiss pursuant to F.R.Civ.Proc. 12(b)(6) for failure to state a claim upon which relief can be granted.**

Plaintiff literally fails to state a claim upon which relief can be granted against the Defendant Patreon. Plaintiff names Patreon in the caption but states only the following about Patreon: "Partner Compensation (YouTube & Patreon)." *See* Complaint, page 1, preamble to numbered paragraphs. Patreon is not mentioned in the numbered paragraphs in Plaintiff's Complaint. In fact, Ms. Roberson never states in her Complaint that she has an account with Patreon. It is impossible for Patreon to understand and respond to her Complaint as framed.

It is settled in New Hampshire that a Complaint can be dismissed as a matter of law if it mentions a Defendant in a caption, but fails to mention the Defendant in the body of the Complaint. *Marcello v. Harris*, No. 07-cv-55 (D. NH November 2, 2007, McAuliffe, J)(granting Motion to Dismiss where Defendants listed in caption were not mentioned again in plaintiffs' complaint). In this regard, this Court is aligned with other sparse precedent. *See, e.g. Aboushama v. EMF,* 214 F.Supp.3d 202 (W.D. NY 2016)(judgment on the pleadings where plaintiff named defendant in caption but did not mention this defendant in the body of the complaint)*; Steele v. Turner Broad. Sys., Inc.,* 607 F. Supp. 2d 258, 263 (D. Mass. 2009)(Motion to Dismiss granted where Defendants were named in caption but not mentioned in complaint, to allow plaintiff "to plead facts in such a manner would grant too much leeway to a *pro se* plaintiff at the expense of orderly procedure and would deprive the defendants of clear notice of the allegations against them"). *C.f. Johnson v. Kay,* 860 F.2d 529 (7th Cir. 1988)(Appeals Court considered only claims of one plaintiff where caption named seven plaintiffs, but only one was mentioned in the Complaint).

Instead of making her own allegations against Patreon and the other Defendants, Plaintiff states that she concurs with the allegations made against various Defendants in another lawsuit in this Court, *DeLima v. YouTube, Inc.,* No. 17-cv-733-PB.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

"A pleading may not adopt other pleadings from a wholly separate action." *Constellation Energy Commodities Group, Inc. v. Transfield ER Cape Ltd.,* 801 F.Supp.2d 211, 223 (S.D.N.Y.2011). *See also* 5A Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure § 1326, at 757–58 (3d ed. 2011) ("it has been held that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference"). Accordingly, Plaintiff's incorporation of allegations from Ms. DeLima's lawsuit cannot support a claim for relief. *Aronson v. Advanced Cell Tech., Inc.,* 972 F. Supp. 2d 123, 136 (D. Mass. 2013) and cases discussed therein.

F.R.Civ.Proc. 8(a)(2) requires Plaintiff to make a "short and plain statement of [her] claim showing [she] is entitled to relief." The *DeLima* lawsuit refers to wrongs done to Ms. DeLima that are personal to Ms. DeLima. The only allegation in Ms. DeLima's Complaint that is specific to Patreon is paragraph 16, which concerns Ms. DeLima's account with Patreon and does not contain allegations regarding Ms. Roberson's account. The *DeLima* lawsuit does not describe any wrongs done to Ms. Roberson.

Plaintiff's complaint should be dismissed against Defendant Patreon because of Ms. Roberson's failure to make factual statements showing that she is entitled to judicial relief.

**III.      Patreon's Motion to Dismiss if Plaintiff's Complaint is held sufficient because it incorporates by reference Natasha DeLima's Complaint.**

    **A.      Patreon's Motion to Dismiss for lack of subject matter jurisdiction.**

Federal courts are "courts of limited jurisdiction.'" *Picciotto v. Cont'l Cas. Co.,* 512 F.3d 9, 17 (1st Cir. 2008) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). The presumption is that a federal court lacks jurisdiction. *Kokkonen*, 511 U.S. at 377. The burden is on the plaintiff who claims jurisdiction affirmatively to allege jurisdiction

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

and prove it. *Id*. If the court lacks subject matter jurisdiction, then the civil action must be dismissed. Fed.R.Civ.P. 12(h)(3).

To invoke the Court's diversity jurisdiction, Plaintiff might suggest by the use of the words "partner compensation" on page 1 on her Complaint, that Patreon owes her money. As noted above, Plaintiff does not state that she has an account with Patreon, so this inference is not justified.

Even if Plaintiff does or did in the past have an account with Patreon, Plaintiff carries the burden to establish the jurisdictional minimum amount. *Stewart v. Tupperware Corp.,* 356 F.3d 335, 338 (1st Cir. 2004). Plaintiff's Complaint mentions that she values her claim against all Defendants collectively to be a sum in excess of $75,000. This bald assertion is contradicted by the affidavit that she filed in connection with her application to proceed *in forma pauperis.* Her application, filed on December 21, 2017, asks in subpart 6 to "State every person, business, or organization owing you or your spouse money, and the amount owed." Plaintiff listed just one debt owed to her – The sum of $1,000.00 owed by Mario Elizondo. Plaintiff did not list Patreon as a company that owes money to her, much less state the amount Patreon owes her for "partner compensation."

"[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938)). To determine the amount in controversy, the Court first looks to whether plaintiff made specific damage allegations in the complaint. *Coventry Sewage Associates v. Dworkin Realty Co.,* 71 F.3d 1, 6 (1st Cir. 1995). In this case, Plaintiff has made no specific allegations that indicate the basis for her estimated $75,000 in damages.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

A plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court. *Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir. 2001)). Once the opposing party has questioned the amount, as Patreon does here, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating "that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Stewart v. Tupperware Corp.,* 356 F.3d at 338. This burden may be met by amending pleadings or submitting affidavits. *Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n,* 942 F.2d 84, 88 (1st Cir. 1991).

Where a plaintiff sues two or more defendants in a diversity case, she must satisfy the amount in controversy requirement against each defendant unless the defendants are jointly liable. It is not possible from Plaintiff's Complaint to determine if she claims the Defendants are jointly liable to her or if Patreon alone has somehow caused harm separately to her in a sum that exceeds $75,000.

On the present state of the pleadings, Plaintiff is without a colorable claim that exceeds $75,000. The Court is without subject matter jurisdiction. Plaintiff's Complaint should be dismissed.

**B. Plaintiff has inadequately invoked the Court's federal question jurisdiction.**

"A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 513 (2006). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331... may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is immaterial and made solely for the purpose of obtaining jurisdiction' or is wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (citations omitted).

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

The court's consideration is limited to the allegations in the complaint, *Litton Indus. v. Colon*, 587 F.2d 70, 74 (1st Cir. 1978). Plaintiff's allegations are to be "construed in the light most favorable to plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts [she] could prove," *Chasan v. Village Dist. of Eastman,* 572 F.Supp. 578, 579 (D.N.H.1983) (and citations therein), *aff'd without opinion,* 745 F.2d 43 (1st Cir. 1984). The Court is not required to give weight to "bald assertions, unsupportable conclusions, or opprobrious epithets." *Royal v. Leading Edge Prod.,* 833 F.2d 1 (1st Cir. 1987) (*citing Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987)).

While Plaintiff states that all Defendants have violated Federal Laws, she does not identify any of those laws, nor explain her standing to sue, should any such laws be inferred from her Complaint. The Court is not required to find laws for the Plaintiff to flesh out her Complaint. Accordingly, in its present form Plaintiff's Complaint is inadequate to invoke this court's jurisdiction pursuant to 28 U.S.C. § 1331.

**C.     Patreon's Motion to Dismiss for failure to state a cause of action for violations of Plaintiff's rights under the First Amendment to the United States Constitution.**

Although it is not clear from her Complaint, it is possible that the Plaintiff's Federal Question jurisdiction is based solely on a claim that Defendants have denied her rights guaranteed by the First Amendment to the United States Constitution. If so, the factual statements Plaintiff must make in her Complaint in order to survive a Motion to Dismiss are judged against a standard set by established Federal law. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss" and a claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The First Amendment states:

**Religion and Expression** -- Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The First Amendment and the Fourteenth Amendment prohibit Congress and the States from making laws abridging the freedom of speech. The First Amendment does not provide a cause of action for perceived wrongs by individuals or private entities. *United Bhd. of Carpenters & Joiners of Am. Local 610 v. Scott,* 463 U.S. 825, 831-32 (1983). *See also, Redgrave v. Boston Symphony Orchestra, Inc.,* 855 F.2d 888, 904 (1st Cir. 1988)( (there can be no private conspiracy to violate First Amendment rights under 42 U.S.C. § 1985(3) without state action because that right "is by definition a right only against state interference").

Although the Court recognized in *Packingham v. North Carolina*, --- US ---, 137 S.Ct. 1730 (2017), that social media sites like Facebook and Twitter have become the equivalent of a public forum for sharing ideas and commentary, the Supreme Court did not recognize a cause of action against a private entity such as Patreon, Facebook and Twitter for a violation of the free speech rights protected by the First Amendment. *C.f. Rundus v. City of Dallas, Tex.,* 634 F.3d 309, 316 (5th Cir. 2011) (dismissing claim against City of Dallas after finding that private corporation ran state fair on leased public property and private entity denied plaintiff permission to distribute religious literature during fair.)

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Claims for violation of the First Amendment can be vindicated against governmental actors pursuant to 42 USC §1983 or §1985, but not a private entity such as Patreon. "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (affirming dismissal of employees' claims that their discharge by private employer did not comport with due process.)

The state action requirement preserves the "essential dichotomy" set forth in the Fourteenth Amendment between a deprivation of rights by the state, "subject to scrutiny under its provisions, and private conduct, 'however discriminatory or wrongful,' against which the Fourteenth Amendment offers no shield." *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (*quoting Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).

Only involuntary servitude and the right of interstate travel are affirmatively protected from both private and public interference. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 278 (1993). The right to free speech under the First Amendment, on the other hand, is protected only against government encroachment. *See, e.g. King v. Friends of Kelly Ayotte,* 860 F. Supp. 2d 118, 129 (D.N.H. 2012), *aff'd* (Apr. 5, 2012)(political organization was not a "state actor" so no cause of action for claimed First Amendment violation by journalist excluded from event); *Friends of Falun Gong v. Pac. Cultural Enter., Inc*., 288 F.Supp.2d 273, 280 (E.D.N.Y.2003)(newspapers that printed unfavorable articles about Falun Gong were not state actors hence no right of action for deprivation of First Amendment rights).

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Because Plaintiff fails to allege a viable claim for violation of her First Amendment rights by a private actor, there is no possibility that her Complaint could be read as stating a cause of action.

### D. Patreon's Motion to Dismiss for lack of Personal Jurisdiction.

Both Plaintiff and Patreon are residents of states other than New Hampshire. The Plaintiff "bears the burden of establishing that the district court has personal jurisdiction over [the defendant]." *Cossart v. United Excel Corp.,* 804 F.3d 13, 18 (Cir. 2015), *quoting Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007). The exercise of personal jurisdiction may, consistent with due process, be either "general or all-purpose" or "specific or case-linked." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 US 888 (2011).

#### 1. Plaintiff has failed to make a showing of "general or all-purpose" personal jurisdiction.

There is no "general of all-purpose" personal jurisdiction in this case. For purposes of "general or all-purpose" personal jurisdiction, a court may assert jurisdiction over a foreign corporation only when the corporation's affiliations with New Hampshire are "so constant and pervasive as to render [it] essentially at home" in New Hampshire. *Daimler AG v. Bauman*, 134 S. Ct. 746, 750, 571 U.S. ___, ___ (2014).

The Court should take judicial notice pursuant to F.R.Evid. 201(b)(2) that the New Hampshire Secretary of State has no record that Patreon has registered to do business in New Hampshire. The California Secretary of State records that Patreon is a Delaware corporation with its principal place of business in San Francisco. Plaintiff asserts no connections at all between Patreon and the State of New Hampshire. It therefore cannot be said from Plaintiff's Complaint or from any other reliable source that Patreon is "at home in New Hampshire" as

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

required by Supreme Court precedent for the exercise of general, all-purpose personal jurisdiction.

### 2. Patreon is not subject to personal jurisdiction under the authority of "specific jurisdiction."

In the absence of general personal jurisdiction, a would-be litigant may invoke personal jurisdiction if the suit arises out of or relates to the Defendant's contacts with the State of New Hampshire. *Helicopteros Nacionales de Colombia v. Hall,* 466 US 408, 414 n. 8 (1984). "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." *Id., quoting Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). Thus the Court must assess whether the Plaintiff's allegations meet the requirements of the New Hampshire long arm statute and those imposed by the constraints of the Due Process clause of the 14th Amendment to the United States Constitution. *Id.*

The New Hampshire long arm statute, N.H.Rev.Stat. Ann. 510:4(I), permits the exercise of personal jurisdiction over a nonresident defendant who, among other things, "commits a tortious act within this state." The New Hampshire Supreme Court has interpreted the New Hampshire long-arm statute as affording jurisdiction over foreign defendants "to the full extent that the statutory language and due process will allow." *Sawtelle v. Farrell*, 70 F.3d 1381, 1388 (1st Cir.1995) *quoting Phelps v. Kingston*, 130 N.H. 166 (1987).

"[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S.310, 316 (quoting *Milliken*

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

*v. Meyer,* 311 U.S. 457, 463 (1940). Courts in the First Circuit divide this minimum contacts analysis into three inquiries, each of which must be satisfied: relatedness, purposeful availment, and reasonableness. *Northern Laminate Sales, Inc. v. Davis,* 403 F.3d 14, 25 (1st Cir. 2005).

Plaintiff, a resident of South Carolina, has made no showing that any of her claims against Patreon are related to Patreon's activities in the State of New Hampshire. If Plaintiff has been harmed at all, it would appear from her Complaint that the harm was suffered in the State of South Carolina. As a non-resident whose claim is not related to Patreon's activities in New Hampshire, her suit should be dismissed.

In *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 582 U.S. ___ (2017), the Supreme Court addressed specific personal jurisdiction in a mass tort suit against the manufacturer of the drug Plavix, aggregating suits of both California residents and non-residents. The California State Court lacked general personal jurisdiction over Bristol-Myers Squibb because, although it sold $900 million of Plavix pills in California between 2006 and 2012 and had five research and lab facilities in California, its business in California was no more significant in California than in other states.

The United States Supreme Court held California's liberal "sliding scale" statute on personal jurisdiction did not meet constitutional due process requirements, because it relaxed the standard for relating a claim to a defendant's activity in the forum state in cases where the defendant has extensive contacts throughout the state but the plaintiffs' injuries occurred outside the state. The majority labeled this as an impermissible sort of general personal jurisdiction. Simply stated, the non-residents were not permitted to sue in California even though the Defendant conducted significant business in California.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Justice Sotomayor's dissent recognized the import of the decision. The non-residents' claims were identical to the claims of California residents against Bristol-Myers Squibb and there was no question that California residents could sue Bristol-Myers Squibb in California. Justice Sotomayor's opinion[1] recognized that the holding in *Bristol-Myers Squibb* could result in a situation in which a corporation conducting business nationally cannot be sued by non-resident plaintiffs in any state other than its headquarters or state of incorporation, because its business is distributed more or less evenly across the nation.

Application of *Bristol-Myers Squibb* to the Plaintiff's Complaint compels the conclusion that Plaintiff's complaint must be dismissed for lack of personal jurisdiction because, as a non-resident, her claims are not related to Patreon's activities in New Hampshire.

### IV. Conclusion

Plaintiff's complaint should be dismissed against Patreon because Plaintiff has not stated a claim against Patreon. Plaintiff is not permitted to file a complaint that adopts by reference the complaint of another litigant. If the Plaintiff's complaint is deemed sufficient, however, then it should be dismissed for lack of subject matter jurisdiction and lack of personal jurisdiction.

---

[1] *See also BNSF Ry v. Tyrell,* 137 S. Ct. 1549, 581 U.S. ___ (2017) and *Daimler AG v. Bauman*, 134 S. Ct. 746, 571 U.S. ___ (2014). Both cases addressed a state's jurisdiction over a nonresident based on contacts with the forum state, regardless of whether those contacts relate to the lawsuit being brought. The Supreme Court held that such jurisdiction required not only the defendant's "continuous and systematic" operations in the forum state, but also activity that is of such a nature, and so substantial in comparison to the defendant's activities in other states, that the defendant is "at home" in the forum state.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

DATED this 1st day of May, 2018, at Burlington, Vermont.

                    RESPECTFULLY SUBMITTED,

                    PATREON, INC.

BY:     */s/ Stephen J. Soule*
        Stephen J. Soule, Esq.
        NH Bar ID #4858
        PAUL FRANK + COLLINS P.C.
        PO Box 1307
        Burlington, VT 05402-1307
        802-658-2311
        ssoule@pfclaw.com

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

## Certificate of Service

I hereby certify that on May 1, 2018, I served the foregoing Motion to Dismiss by mailing copies thereof by first class mail, postage prepaid, to, Plaintiff, and to counsel of record by the Court's ECF system:

Timothy John McLaughlin
Shaheen & Gordon
107 Storrs St., PO Box 2703
Concord, NH 03302-2703

For Defendant Twitter, Inc.

| | |
|---|---|
| DATED: May 1, 2018 | BY: _____*/s/ Stephen J. Soule*_____ <br> Stephen J. Soule, Esq. <br> NH Bar ID #4858 <br> PAUL FRANK + COLLINS P.C. <br> PO Box 1307 <br> Burlington, VT 05402-1307 <br> 802-658-2311 <br> ssoule@pfclaw.com |

7300916_3:13211-00002