UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ashley Roberson

    v.                                       Civil No. 17-cv-749-JD
                                         Opinion No. 2018 DNH 117

YouTube, et al.

O R D E R

Ashley Roberson, proceeding pro se, filed a complaint, naming YouTube, Facebook, Twitter, Google, Blogspot.com, Patreon, and GoFundMe as defendants.[1] The defendants have filed motions to dismiss, asserting that the court lacks subject matter jurisdiction and personal jurisdiction, that Roberson fails to state a claim, that Roberson impermissibly relies on DeLima's complaint, and other grounds. Some defendants also seek a change of venue. Roberson did not respond to the motions.

---

[1] Roberson was granted leave to proceed without paying the filing fee. With the complaint, Roberson filed a document titled "Durable Power of Attorney" in which she stated that she appointed Natasha DeLima to exercise the "powers and discretions" listed in the document. The magistrate judge ruled that DeLima, who is not a lawyer, could not represent Roberson in this action. Doc. no. 4. Roberson also moved to consolidate her case with cases filed in this court by DeLima and "other plaintiffs" but then moved to withdraw the motion to consolidate. The motion to withdraw was granted, and the motion to consolidate was denied as moot.

I.  <u>Scope of Complaint</u>

Roberson's pro se complaint is cursory at best.  As a statement of her claims, Roberson provides the following: "Consolidated Plaintiff's Lawsuit for Violations of Civil Rights Act, 1964, Election Rigging, Partner Compensation (YouTube and Patreon), First Amendment Rights, Censorship, Illicit Shadow banning of information, Cyberbullying, Copyright Infringement Chapter 5, Illicit Monitoring, Unmasking, Defamation, NIED Negligent Infliction of Emotional Distress."  Instead of providing allegations to support her claims, Roberson refers to "Lead Plaintiff Natasha DeLima, who has cited all of the like issues from tampering w/ the election, harassing users,, [sic] who suffered discrimination based on sexuality, political beliefs, and popularity."  Roberson further states that she "concurs with the lawsuit complaints of Natasha DeLima and has suffered similar discrimination and harassment, and felt in danger and unsafe, as though people could personally come after her for her rights to use the internet, this should never be a real fear, but it is."

DeLima filed her complaint, <u>DeLima v. YouTube, et al.</u>, 17-cv-733-PB (D.N.H. Dec. 21, 2017), on the same day that Roberson filed her complaint.  As the defendants point out, Roberson

cannot rely on the allegations in DeLima's complaint to support her claims.

While Federal Rule of Civil Procedure 10(c) allows incorporation by reference within a pleading or between filings in the same case, the rule does not permit incorporation by reference of allegations from an entirely separate case. See, e.g., Kane v. R.J. Donovan State Prison, 2018 WL 400404, at *3 (S.D. Cal. Jan. 12, 2018); Crawford v. McFadden, 2017 WL 7689416, at *2 (D.S.C. May 4, 2017) (citing cases); Macias v. New Mexico Dep't of Labor, 300 F.R.D. 529, 562 (D.N.M. Mar. 31, 2014); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1326 (3d ed. 2018).

Therefore, the only allegations considered for purposes of the pending motions are those in Roberson's complaint. The allegations in DeLima's complaint and in any other cases are not incorporated by reference into Roberson's complaint.

II. Subject Matter Jurisdiction

The court must determine whether subject matter jurisdiction exists before considering the merits of the complaint. Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013). The plaintiff generally bears the burden of showing subject matter jurisdiction. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996). When jurisdiction is challenged

3

under Federal Rule of Civil Procedure 12(b)(1), the court takes the factual allegations in the complaint as true, with reasonable inferences in the plaintiff's favor, and may also consider other evidence that is submitted. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).

A. Diversity Jurisdiction

In the complaint, Roberson states that jurisdiction is based on diversity of citizenship. She also states that the amount in controversy exceeds $75,000.[2] Some defendants move to dismiss on the ground that Roberson has not shown that the case meets the amount in controversy requirement, $75,000, under 28 U.S.C. § 1332(a).

The complaint, standing alone, does not show the value of Roberson's claims beyond her own statement. "The amount in controversy alleged in a plaintiff's complaint 'is accepted if made in good faith,' Dart Cherokee Basin Operating CO., LLC v. Ownens, 135 S. Ct. 547, 553 (2014), and '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.' St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)." Kersey v.

---

[2] Although Roberson's complaint mentions a "class", she makes no allegations to show that a putative class would meet the amount in controversy requirement under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

4

Staples, 2018 WL 2077598, at *2 (D. Mass. May 2, 2018). "Once the damages allegation is challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (internal quotation marks omitted).

Roberson's complaint includes no facts to show the amount in controversy, and she filed nothing in response to the motions to dismiss to support the amount in controversy. The defendants plausibly argue that the claims do not meet the required amount. Therefore, based on the record here, Roberson has not shown she meets the amount in controversy requirement.

B. Federal Question

Although federal question jurisdiction is not raised by Roberson, she mentions several potential federal causes of action in the complaint: the Civil Rights Act of 1964, First Amendment rights, and copyright infringement. Under 28 U.S.C. § 1331(a), "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The defendants contend that federal question jurisdiction under 28 U.S.C. § 1331 does not exist

5

because the complaint does not state even a colorable claim for relief under federal law or the constitution.

To sustain federal question jurisdiction, the federal claim or claims must be colorable, that is the claim or claims must not be "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." [Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006)](). "[A] colorable claim of a federal cause of action will confer subject matter jurisdiction even though the claim itself may fail as a matter of law on further examination." [Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 322 (1st Cir. 2001)](). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." [Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)]().

While Roberson does not raise federal question as a basis for jurisdiction, her list of claims clearly does. On the other hand, however, she provides no facts to support the list of claims. Based on her complaint, she alleges nothing that would support a claim arising under federal law. Because Roberson did not respond to the motions to dismiss, she offers nothing to

support her claim or claims or to show that she could amend her complaint to allege facts that would support a federal cause of action.  Therefore, Roberson has not presented a colorable federal question to support subject matter jurisdiction.

In the absence of subject matter jurisdiction, the case must be dismissed.

## Conclusion

For the foregoing reasons, the motions to dismiss (documents nos. 13, 19, and 22) are granted on the ground that the court lacks subject matter jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 12, 2018

cc:  Joseph H. Aronson, Esq.
     Nolan C. Burkhouse, Esq.
     Timothy John McLaughlin, Esq.
     Ashley A. Roberson, pro se
     Matan Shacham, Esq.
     Travis Silva, Esq.
     Stephen J. Soule, Esq.